# CIRCUIT COURT OF FAIRFAX COUNTY

Treasurer
of the City of Fairfax

v.

Michael S. Henretty

March 4, 1999

Case No. (Law) 176504

BY JUDGE R. TERRENCE NEY

The sole issue presented in this case is whether payments made by purchasers under a Contract for Deed and Escrow Agreement should be deemed rent and thus subject to the Business, Professional, and Occupational License ("BPOL") Tax of the City of Fairfax or as interest payments on a purchase money deed of trust and thus not subject to the BPOL tax.

The facts are undisputed. Defendant, Michael S. Henretty, by Contract for Deed and Escrow Agreement of October 26, 1993, agreed to sell to Steve T. Zust and Ana S. Zust, husband and wife, a house located in the City of Fairfax. The price of the house was $169,900.00.

The Contract for Deed and Escrow Agreement provided in pertinent part as follows:

1. The Purchasers would deliver to the seller two promissory notes, one in the amount of $116,000.00 and the other in the amount of $45,000.00;

2. Payments by the Purchasers to the Seller on the two notes are described as "principal and interest" or "interest";

3. In addition to the monthly payments of "principal and interest," Purchasers also agreed to pay monthly a sum equal to 1/12 of the annual

hazardous insurance premium on the property and 1/12 of the annual real estate taxes;

4. A deed was executed by the Seller which was to be held in escrow until the notes had been satisfied or otherwise paid in full;

5. The Seller warranted the property to be sold in an "as is" condition;

6. All loss to the property prior to the possession by the Purchasers is borne by the Seller. Upon possession of the property by the Purchasers, they then assumed all risk of loss.

In addition to these provisions, the Contract for Deed and Escrow Agreement contained the additional specific provisions:

1. It was agreed by the parties that payments made by the Purchasers should be considered as *interest paid* on the deferred purchase money loan(s) and as such may be claimed by the Purchasers for their filings with the Internal Revenue Service (paragraph 6);

2. From the date of possession, Purchasers assume all liability for payment for any and all real estate taxes, and the Purchasers may consider those tax payments the responsibility of the Purchasers as though Purchasers were the legal title holder of the property (paragraph 7);

3. In the event of default by the Purchasers, then the Seller, after fifteen days' notice of default having been mailed to Purchasers without the default having been cured, may direct the escrow agent to return the deed, and *all monthly payments previously paid shall be deemed as rent* (paragraph 9).

The Purchasers are in possession of the house pursuant to the Contract for Deed and Escrow Agreement. They have neither paid off or refinanced their two notes to the Seller, nor have they defaulted in their payments.

By virtue of these facts and the specific provisions of the agreement, the seller, holder of the legal title, deems the income received from the Purchasers on the purchase money notes to be interest income and not rent. That being so, the Seller contends that he is under no obligation to pay BPOL taxes. The Commissioner, on the other hand, treats the language providing that the payments will be deemed rent in the event of the default to plainly suggest that despite the language of the Contract of Deed and Escrow Agreement, the payments are in fact rent because the Seller continues to hold legal title to the property. Thus, the Commissioner contends, the BPOL tax is applicable.

Simply put, the question here is what is the nature of these payments? Do they represent, as the parties to the Contract for Deed and Escrow Agreement describe them, interest payments on the purchase money deed of trust? Or, as the Commissioner of Revenue contends, do they represent rental payment made by tenants to their landlord? They cannot be both at one time. In fact, by

the language of the Contract of Deed and Escrow Agreement, these payments change their character in the event of a forfeiture and are to be then treated by the Sellers and Purchasers as rent.

Property, both real and personal, may enjoy different status under the law depending upon how it is held. For example, an acre of property may be held by one person, or in common with one or more, or subject to indebtedness which places the legal title in another, or held by a husband and wife in a tenancy by the entireties. Each of these different holdings renders the property subject to different remedies and protections. Encumbered property is subject to the encumbrance, property held in a tenancy by the entireties may not be subject to a judgment against one party, a tenancy in common may be sold to satisfy a judgment against only one tenant, and so forth.

Similarly, personal property may also enjoy different status depending on how it is held or designated. For example, funds held in trust may not be subject to personal claims against the trustee, funds held in escrow for certain protected purposes, for example, wages, withholding payments, or social security may not be subject to garnishment against the depositor, and funds resulting from the sale of a tenancy by the entireties may not be subject to a judgment against only one of the tenants. As with the examples involving real property, the funds may be the same, but the legal status is completely different.

The same is true here. Obviously, payments made pursuant to a mortgage or pursuant to a lease are indistinguishable as funds paid except for the legal character which attaches to them. The defendant taxpayer, the Seller under the Contract for Deed, asserts that the payments are plainly payments made by Purchasers making interest payments pursuant to a mortgage. The conditions of the Agreement he points to are compelling:

1. The Contract for Deed and Escrow Agreement specifically provides that the equitable interest in the property rests with the Purchasers and that the legal interest will follow when new financing is obtained to replace the Seller's purchase money deed of trust;

2. The Purchasers have possession and all rights of quiet enjoyment of the property;

3. The Contract for Deed and Escrow Agreement provides that the payments made by the Purchasers to the Seller will be treated as interest deductions for the Purchasers and interest income to the seller for the purposes of the Internal Revenue Service;

4. The Purchasers have the sole obligation to pay all real estate taxes, homeowner's association assessments, utility payments, etc., in short, all of the financial obligations attendant upon ownership of the property;

5. The Internal Revenue Code, § 7450, recognizes Contracts for Deeds as passing equitable ownership in property;

6. The Contract for Deed is recorded among the land records in Fairfax County, Virginia;

7. Settlement was held on the property transfer pursuant to HUD-1 Settlement Statement as would be any typical real estate settlement.

As against this, the Commissioner makes the point that the Contract for Deed and Escrow Agreement specifically provides at paragraph 9 as follows:

> In the event the property returns to the Seller for the reason of forfeiture, then all payments made pursuant to this Contract for Deed will be deemed rent.

The Commissioner asserts that this provision of the Contract for Deed and Escrow Agreement makes plain the transparency of the transaction in that the payments made by the Purchasers to the Seller should be deemed rent and subject to the business, professional, and occupational license tax of the City of Fairfax as opposed to mortgage interest payments that are not subject to the tax. I disagree.

Contracts for Deed have been specifically recognized in Virginia. *See Lipps v. First American Service Corp.*, 233 Va. 131, 286 S.E.2d 215, 220 (1982). While not favored in law because of the opportunity both for fraud and for their failure to reflect the true nature of the transaction, and, further, because of the draconian consequences to a defaulting purchaser, nonetheless such legal vehicles of conveyance remain valid in Virginia. *Id.* Moreover, here the Commissioner stipulated that there was nothing in this transaction that suggested fraud or an improper purpose. To the contrary, the Commissioner's position is simply that because the event of a default renders the payments made *prior* to default "rent," those payments should be considered rent now and subject to the BPOL tax.

It is my opinion that, giving the full intent of the parties' treatment of these payments as interest payments on the purchase money Deeds of Trust, I think they should be so treated by the court absent any showing of an intention to treat them otherwise during the lifetime of the mortgage. No such evidence has been submitted or even suggested. The parties' intention, manifested by the legal document of a Contract for Deed and Escrow Agreement, should not be

disturbed. At such time, however, that the character of the funds being paid by the Purchasers to the landlord may change, however, by virtue of a forfeiture or "foreclosure," then, according to the parties' own agreement, the payments previously made would be deemed rent. In that event, the Commissioner may properly look to such "rent" for the applicable BPOL taxes to the extent permitted by law.